**CHAU HUI ZHENG, Petitioner,**

v.

**Alberto GONZALES, Respondent.**

No. 06–2425–ag.

United States Court of Appeals,
Second Circuit.

Aug. 13, 2007.

Emanuel Liu, Jersey City, NJ, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Civil Division; Christopher C. Fuller, Senior Litigation Counsel; Paul F. Stone, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondents.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. JOSEPH M. McLAUGHLIN and Hon. REENA RAGGI, Circuit Judges.

410

## SUMMARY ORDER

Petitioner Chau Hui Zheng, a native and citizen of the People's Republic of China, seeks review of an April 24, 2006 order of the BIA affirming the November 10, 2004 decision of Immigration Judge ("IJ") Sarah M. Burr denying Zheng's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Chau Hui Zheng,* No. A 79 218 526 (B.I.A. Apr. 24, 2006), *aff'g* No. A 79 218 526 (Immig. Ct. N.Y. City, Nov. 10, 2004). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Where, as here, the BIA adopts the IJ's decision in all respects but one and then supplements the IJ's decision, we review the IJ's decision as supplemented by the BIA's decision, minus the argument rejected by the BIA. *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 522 (2d Cir.2005); *Yu Yin Yang v. Gonzales,* 431 F.3d 84, 85 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

■ Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1 (2d Cir.2005). In her decision, the IJ denied Zhang's asylum application finding that he was not a "particularly credible witness." The BIA specifically interpreted the IJ's decision as encompassing an adverse credibility finding, and concluded that this finding was supported by the record. In his brief to this Court, however, Zheng inexplicably states that the BIA affirmed the IJ without opinion and correspondingly fails to challenge the BIA's adverse credibility finding. Because Zheng failed to challenge the agency's adverse credibility determination—a dispositive basis for its denial of relief—we deem any such arguments abandoned. *See id.*

■ Nonetheless, we note that the agency's adverse credibility finding was supported by substantial evidence. The IJ's finding was based on substantial omissions involving the heart of Zheng's claim. *See Secaida–Rosales v. INS,* 331 F.3d 297, 308 (2d Cir.2003). Moreover, Zheng's failure to corroborate his claim with a letter from his girlfriend rendered him unable to rehabilitate his testimony. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 341 (2d Cir.2006).

Finally, we decline to review the issue of whether Zheng is subject to removal pursuant to *United States ex rel. Tom Man v. Murff,* 264 F.2d 926 (2d Cir.1959), because he failed to exhaust his administrative remedies with respect to this issue before the BIA. *See* 8 U.S.C. § 1252(d)(1); *Lin Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 119–20 (2d Cir.2007).

We feel obligated to note our serious concerns concerning the quality of representation provided by petitioner's attorney. The brief filed by counsel inexplicably fails to address the BIA's opinion. Continuing conduct of this nature could subject counsel to sanctions by this Court.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.